# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DORANCE MOSQUERA-JARA,

Petitioner,

v.

SAM OLSON, MARKWAYNE MULLIN, TODD BLANCHE, SCOTT SMITH, DALE J. SCHMIDT, U.S. DEPARTMENT OF HOMELAND SECURITY, and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

Respondents.

Case No. 26-CV-1416-JPS

**ORDER**

## 1. INTRODUCTION

Petitioner Dorance Mosquera-Jara ("Petitioner") is in the legal custody of Immigration and Customs Enforcement ("ICE") and is incarcerated at Dodge County Jail in Juneau, Wisconsin, where Respondent Scott Smith ("Smith") is his physical custodian.[1] ECF No. 1. He argues that

[1]Petitioner also names as Respondents Sam Olson, field director of enforcement and removal operations in ICE's Chicago office; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; Todd Blanche, U.S. Attorney General; the U.S. Department of Homeland Security ("DHS"); and the Executive Office for Immigration Review.

The Court is skeptical that any of the Respondents—apart from Scott Smith—are properly sued in this case. *See* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Kholyavskiy v. Achim*, 443 F.3d 946, 949–53 (7th Cir. 2006) (discussing the proper Respondent to name in the context of immigration-related habeas petitions). To the extent Respondents, other than Scott Smith, believe that they are improperly named, they should move for appropriate relief.

Further, the Court finds it prudent to add as a respondent Dale J. Schmidt, the Dodge County Sherriff and immediate custodian of inmates at Dodge County

his continued detention is unlawful and petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Id.* at 1–2. Petitioner seeks an order "provid[ing] Petitioner with a new individualized bond hearing before an [I]mmigration Judge" and ordering the "Immigration Judge [to] consider the totality of the circumstances, including the nature of Petitioner's traffic citations . . . absence of a criminal record, and any evidence demonstrating that Petitioner does not pose a danger to the community or a flight risk." *Id.* at 2. In the alternative, Petitioner requests that the Court "order Respondents to release Petitioner from immigration custody subject to reasonable conditions of supervision" if Respondents "cannot satisfy the required burden of proof." *Id.* This Order screens the petition.

## 2. SCREENING STANDARD

The Rules Governing Section 2254 Cases apply to Petitioner. *See* Rule 1(b), Rules Governing Section 2254 Proceedings ("The district court may apply any or all of these rules to a habeas corpus petition" brought under § 2241); CIV. L.R. 9(a)(2). Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a screening or "preliminary review" of the habeas petition. At the screening stage, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule 4, Rules Governing Section 2254 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, *Vermillion v. Levenhagen*, 519 F. App'x 944, 945 (7th Cir. 2013) (citing *Phillips v. Brennan*, 912 F.2d 189, 191 (7th Cir. 1990)), but not his legal conclusions.

---

Jail. WIS. STAT. § 59.27(1) (noting that one duty of a county sheriff is to "[t]ake the charge and custody of . . . the persons in the jail" for that county).

Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with any applicable statute of limitations, exhausted available administrative remedies and avoided procedural default if applicable, and set forth non-frivolous claims that are cognizable in a habeas petition. If those issues do not preclude a merits review of the claims, the Court directs the respondent—the individual in charge of the institution where the petitioner is currently held, *see* Rule 2(a), Rules Governing Section 2254 Proceedings—to respond to the petition. If any of those issues do preclude a merits review, however, the Court will dismiss the petition.

**3. FACTS**

The following relevant facts are drawn from petition and exhibits, ECF Nos. 1, 1-1, 1-2, and accepted as true for the purposes of screening. For brevity, citations to facts in this section are omitted from further analysis. The Court also considers Petitioner's prior case history in this district.

ICE agents detained Petitioner in February 2026, when he was on his way to a court hearing at Walworth County Circuit Court related to traffic tickets and a bail jumping charge for driving without a license. ECF No. 1-2 at 45. Petitioner then requested a bond hearing, which the Chicago Immigration Court denied on jurisdictional grounds, citing *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.* Petitioner then filed a habeas petition in this judicial district, requesting an order requiring the respondents to conduct a bond hearing. *Mosquera-Jara v. Olson*, No. 26-CV-412-PP (E.D. Wis. Mar. 13, 2026). That case was randomly assigned to Judge Pamela Pepper, who ultimately granted the petition, requiring that the government bear the burden at that hearing of justifying Petitioner's continued detention by proving, by clear and convincing evidence,

Petitioner's dangerousness or flight risk. *Id.*, ECF No. 17 (July 24, 2026). Petitioner was then provided a bond hearing, and the immigration judge denied bond after finding that Petitioner was a danger to society based on traffic citations. ECF No. 1 at 2.

## 4. LAW & ANALYSIS

Petitioner argues that the immigration judge who denied him bond failed to comply with the Judge Pepper's order because they did not apply the appropriate legal standard to his bond determination. He argues that the immigration judge's determination that he posed a danger to society based on traffic citations is insufficient to satisfy the clear and convincing evidence standard required by due process and Judge Pepper's order.

An alien detainee may seek relief under 28 U.S.C. § 2241 if he believes that his custody is "in violation of the Constitution or laws . . . of the United States." Petitioner has raised a constitutional challenge to his ICE detention. At this stage, the Court cannot say that this challenge appears frivolous or non-cognizable in habeas corpus proceedings. The Court also cannot conclude at this stage that the petition is untimely.

Further, Petitioner's argument presents at least two colorable routes to subject matter jurisdiction before the Court. "'[W]here a bond denial is challenged as legally erroneous or unconstitutional,' a district court sitting in habeas retains jurisdiction over that challenge." *España v. Nessinger*, No. 26-cv-014-JJM-PAS, 2026 WL 821788, at *5 (D.R.I. Mar. 25, 2026) (quoting *Mayancela Mayancela v. FCI Berlin, Warden*, No. 25-cv-348-LM-TSM, 2025 WL 3215638, at *6 (D.N.H. Nov. 18, 2025) and collecting cases). Alternatively, courts retain jurisdiction to ensure compliance with their previously issued orders granting habeas relief. *Id.* (collecting cases); *Doe v. Warden of the Golden State Annex Det. Facility*, No. 1:25-cv-01283-CDB (HC), 2026 WL

2280930, at *1 (E.D. Cal. Aug. 7, 2026) (collecting cases); *see also Adrian V.M. v. Albarran*, Nos. 1:26-cv-01280-TLN-DMC and 1:26-cv-05171-TLN-DMC, 2026 WL 2007011, at *1 (E.D. Cal. July 10, 2026) (construing second habeas petition as a motion to enforce judgment). The parties may brief this issue more fully to the extent they disagree with the Court's preliminary determination.

Petitioner does not state whether he has exhausted his administrative remedies as to his claim, but the Court cannot say at this stage that exhaustion is required, so will not dismiss the petition on this basis. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (noting that exhaustion generally is not statutorily required for § 2241 petitions, but may be required at the district court's discretion, and that exhaustion may be required for certain immigration-related claims (citing *McCarthy v. Madigan*, 503 U.S. 140, 140 (1992), *superseded on other grounds by statute*).

Because Petitioner's claims survive screening, the Court will order Smith and Dale J. Schmidt (together, County Respondents) to respond to the petition.[2] 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order

---

[2]The Court recognizes that the United States District Court for the Eastern District of Wisconsin has a Memorandum of Understanding with the United States Attorney's Office for the Eastern District of Wisconsin ("USAO") which states that "[t]he USAO agrees to respond to the substance of [§ 2241] petition[s] on behalf of the federal detainee's custodian and any federal respondents named in the petition. *Memorandum of Understanding Regarding Habeas Corpus Petitions filed under 28 U.S.C. § 2241 – Federal Detainees*, U.S. DIST. CT. E. DIST. OF WIS., 1 (Dec. 10, 2025) https://www.wied.uscourts.gov/sites/wied/files/general-ordes/12.10.25%20MOU%20between%20USDC%20and%20USAO%20re%2028%20USC%202241%20Petitions%20-%20Updated%20Ex%20A.pdf [https://perma.cc/AJ6U-XNA6] (last visited June 5, 2026). Accordingly, the Court will expect that County Respondents' response be filed by the USAO rather than County Respondents' counsel.

directing the respondent to show cause why the writ should not be granted."). Due to the large number of habeas petitions that have been filed in this District, the Court finds good cause to extend County Respondents' time to respond. *See id.* (requiring response within "three days unless for good cause additional time, not exceeding twenty days, is allowed"). County Respondents shall respond to the petition within **ten (10) days** of this Order. Once County Respondents have filed their response, Petitioner will have **ten (10) days** within which to reply.

**5. APPOINTMENT OF COUNSEL**

Petitioner moves for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B). ECF No. 2. The statute provides that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). Appointing counsel under this subsection is left to the discretion of the district court. *Johnson v. Chandler*, 487 F.3d 1037, 1038 (7th Cir. 2007); *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) ("Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances," namely, "unless denial [of counsel] would result in fundamental fairness impinging on due process rights." (first citing 18 U.S.C. § 3006A(a)(2)(B) then quoting *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967))).

Because Petitioner's motion contains no information about his financial eligibility, the Court cannot determine whether Petitioner is indigent, and therefore, whether the relevant statute applies to him. The Court will therefore deny Petitioner's motion without prejudice. Petitioner

may renew his motion if he chooses and must include information sufficient to determine his financial eligibility for court appointed counsel. *See Thomas v. Searls*, 515 F. Supp. 3d 34, 38–39 (W.D.N.Y. 2021) (finding financial eligibility met based on "a financial affidavit that establish[ed] indigence at the time the . . . motion was filed").

Because 18 U.S.C. § 3006A(a)(2)(B) requires showing that appointment serves the interests of justice, the requestor is financially eligible, and the requestor is seeking relief under an appropriate statute (such as 28 U.S.C. § 2241), Petitioner is advised to include information about each of these issues in any renewed motion to appoint, should he choose to file one.

## 6. CONCLUSION

The Court will permit Petitioner to proceed on his asserted claim for relief and will order this matter to proceed as specified below.

Accordingly,

**IT IS ORDERED** that the Clerk of Court add as a respondent Dale J. Schmidt, Dodge County Sheriff;

**IT IS FURTHER ORDERED** the Clerk of the Court shall effect service of the petition, ECF No. 1, and this Order upon Respondents pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

**IT IS FURTHER ORDERED** that within **ten (10) days** of receipt of service of the petition, Respondents Scott Smith and Dale J. Schmidt shall file a response to the petition, including reasons why the writ of habeas corpus should not be issued; Petitioner may reply within **ten (10) days** from the date Respondent files his response; Pursuant to Civil Local Rule 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition by Respondent must not exceed thirty pages and reply

briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block; and

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel, ECF No. 2, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge